IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-17-289-2-C |
| | ) | |
| RASHAD DOMINIQUE MAYO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a request seeking early compassionate release. In support, Defendant does not identify any medical condition that increases his risk of complication should he contract COVID-19. Indeed, the basis for his request is a need to assist his family. Defendant requests the Court to release him to home confinement. Plaintiff has filed a Response to the request and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. As Plaintiff notes, Defendant has not met the required step of exhausting administrative remedies. Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration. If that request is denied or deemed denied, then and only then may relief be sought in court. Here, Defendant gives no indication that he has requested relief and then waited more than 30 days for a response prior to seeking relief from the Court. Further, Defendant has offered no evidence that he

suffers from a serious health condition. Thus, his request also fails the second step. Finally, even if the Court considered Defendant's request, the relief he seeks is beyond the authority of the Court. Defendant requests the Court move him to home confinement. Granting a Defendant home confinement is not a reduction in sentence but a change in the location and conditions of confinement. See United States v. Ko, 739 F.3d 558, 561 (10th Cir. 2014). Where a prisoner serves their term of incarceration is a matter for the Bureau of Prisons, not the Court. See Tapia v. United States, 564 U.S. 319, 331 (2011). The Court has no role in specifying where Defendant serves his term of imprisonment. Accordingly, his request for Compassionate Release will be denied.

For the reasons set forth herein, Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No.73) is DENIED.

IT IS SO ORDERED this 4th day of March 2021.

ROBIN J. CAUTHRON
United States District Judge